IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

JOSEPH GOINGS,

                    Plaintiff,

       Vs.                              No.  11-4056-SAC

CITY OF PITTSBURG, a municipal
corporation; CHRISTOPHER MOORE,
in his individual capacities as an
employee of City; SCOTT SULLIVAN,
in his individual capacities as an
employee of City (at the times of
incident complained of); JEFF WOODS,
in his individual capacities as an
employee of City,

                    Defendants.


MEMORANDUM AND ORDER

          The case comes before the court on the motion to dismiss (Dk.

8) filed by the defendants, City of Pittsburg, Christopher Moore, Scott

Sullivan and Jeff Woods.  The pro se plaintiff Joseph Goings brings this civil

rights action under 42 U.S.C. § 1983 based on events arising out of the

investigation and arrest of him for driving under the influence ("DUI") on

November 29, 2008.  The defendants seek dismissal pursuant to Fed. R. Civ.

P. 12(b)(6) arguing that the plaintiff's action is barred by the applicable two-

year statute of limitations and that the plaintiff's complaint fails on

substantive grounds to state claims for relief.  The plaintiff has filed a

detailed response opposing the motion.  (Dk. 14).

**STANDARDS GOVERNING MOTION TO DISMISS**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The court accepts all well-pled factual allegations as true and views these allegations in the light most favorable to the nonmoving party. *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1142 (2010). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009).

The Supreme Court recently clarified the focus of such motions:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*. [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

*Ashcroft v. Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. The complaint "does not need detailed factual

2

allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[C]ourts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

In evaluating a Rule 12(b)(6) motion to dismiss, courts are to "consider the complaint in its entirety" and also examine documents "incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted). Conversion to a summary judgment motion is unnecessary when the district court considers "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1215 (internal quotation marks and citation omitted).

Although the pleadings of a pro se plaintiff are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), to avoid dismissal the pro

se complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action . . . [and] must allege sufficient facts to state a claim which is plausible-rather than merely conceivable-on its face." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).  Nor is the court an advocate and will not allege additional facts or assert alternative legal theories for the pro se party.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## ALLEGATIONS OF COMPLAINT

Around 2:00 a.m. on November 29, 2008, Officer Christopher Moore was dispatched to a two-vehicle accident in Pittsburg, Kansas.  Upon arriving at the scene in his marked vehicle, Officer Moore observed a truck stopped in the front yard of a residence and the plaintiff Joseph Goings holding onto the driver's side door.  Dressed in his uniform, Officer Moore approached and announced himself.  In response, Goings ran from the accident scene and resisted Moore's efforts to stop him.  Officer Moore and Officer Scott Sullivan caught Goings in the alley behind the residence and handcuffed Goings.

As he walked Goings back to the accident scene, Moore asked Goings several questions without first advising him of his *Miranda* rights.  The complaint alleges that Moore asked about the truck, the accident, any

4

injuries, and whether Goings had been drinking.  Moore also inquired if Goings preferred a particular towing service for his truck.  Goings expressed his preference, but a different towing service eventually towed Goings' truck outside city limits.  Moore testified at the preliminary hearing that he smelled the odor of an alcoholic beverage on Goings and that he observed Goings to have "bloodshot and watery" eyes.  (Dk. 1-1, p. 42).[1]

Officers Sullivan and Moore spoke with Nicholas Parker on the porch of the residence in front of which the accident occurred.  Parker told the officers that Goings had been driving the truck.  Neither Sullivan nor Moore took a formal written statement from Parker or collected Parker's contact information.  Based on his observations and his conversation with Nicholas Parker, Moore proceeded with arresting Goings and taking him to the Pittsburg Police Department.

At the police department, the plaintiff refused to take a breath test.  Officer Moore read the *Miranda* warning to Goings, and Goings initially agreed to speak with Moore.  Goings, however, then chose to answer no

---

[1]The sufficiency of a complaint is generally judged from its contents alone.  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  There are exceptions to this rule.  "Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."  *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n. 24 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007).  Goings attached to his complaint a partial transcript of his counsel's cross-examination of Officer Moore in the preliminary hearing held in Crawford County District Court on March 25, 2010.

questions and to request medical attention.  After receiving the requested medical attention, Moore asked Goings to submit to a blood test, but Goings refused.  Goings was released that same morning on a bond.

Goings alleges that Officer Moore completed a report for the Division of Motor Vehicles ("DMV") that indicated Goings had failed a breath test.  The preliminary hearing transcript attached to the plaintiff's complaint has Officer Moore testifying that he completed the DC-27 form as to report that Goings had refused to submit to a breath test and that Moore also initialed paragraphs to indicate he was certified to administer a test and his testing equipment was working properly.  (Dk. 1-2, pp. 60-62).  On the DC-27 form completed and sent to the DMV for the November 28th incident, Moore did check the box indicating Goings had "refused to submit to or complete testing" and did not check the alternate box that would have indicated test results showed "an alcohol concentration of .08 or greater." (Dk. 9-3, p. 10).[2]  Goings alleges that defendant Jeff Woods as a supervisor

---

[2]Another exception to the rule of judging the sufficiency of the complaint from its contents is for "'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Gee*, 627 F.3d at 1187 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.), *cert. denied*, 537 U.S. 1066 (2002)).  In this instance, the plaintiff refers to the DC-27 form in his complaint that his counsel used in cross-examining Officer Moore. The defendants have attached a certified copy of this completed form as maintained and found in the Division of Vehicles' records.  Because the plaintiff does not dispute the established authenticity of this exhibit, the court may properly consider it.

in the Pittsburg Police Department "signed off on" or "cleared" Moore's and Sullivan's reports that indicated Goings had failed a breath test, that showed inconsistencies in Parker's statements that Goings was the driver, and that lacked a formal written statement from and contact information for Parker. (Dk. 1, ¶¶ 38, 62-63).  Goings alleges Moore, Sullivan and Woods "caused the chain of events that caused the Plaintiff to wrongly lose his driver's license for life after his truck was wrecked on or about November 29, 2008." (Dk. 1, ¶ 41).

The plaintiff was prosecuted for driving under the influence in Crawford County, Kansas.  Following the preliminary hearing, the district court judge found the prosecution's evidence was insufficient to find probable cause that the plaintiff was driving under the influence on November 29, 2008.[3]  The district court judge also found sufficient evidence to support the misdemeanor charges for obstruction and leaving the scene.

The complaint asserts a civil rights action arising under 42 U.S.C. § 1983 and separates his action into the following six claims for relief. The plaintiff's first claim is that his Fifth Amendment right to remain silent was violated when Officer Moore asked him investigative questions at the

---

[3]In support of their motion, the defendant submitted the entire preliminary hearing transcript that included the district court judge's ruling. The plaintiff attached most, but not all, of the transcript to his complaint. The plaintiff does not oppose the defendant's use of this transcript or the court's consideration of it for purposes of this motion.  (Dk. 14, p. 16).

accident scene before warning him of his *Miranda* rights.  The plaintiff's

second claim is that his Fourth Amendment right was violated when Officer

Moore arrested him for driving under the influence.  The plaintiff's third

claim is that his Fourth Amendment and Sixth Amendment rights were

violated by Officers Moore, Sullivan and Woods in arresting him after talking

with an eyewitness from whom no formal statement was taken and no

contact information obtained. The plaintiff's fourth claim is that his

Fourteenth Amendment rights were violated by Officers Moore and Sullivan

engaging "in improper use of police procedures" resulting in injuries to his

federal constitutional rights, including his wrongful arrest and the permanent

revocation of his driver's license based on a report sent to the Department of

Motor Vehicles that wrongly recorded Goings as having failed a breath test.

(Dk. 1, ¶ 59).  The plaintiff's fifth claim for relief alleges the Officer Woods,

as a supervisor of Officers Moore and Sullivan, did not properly supervise

them in approving and clearing their reports prepared for this incident.  The

plaintiff's sixth claim for relief alleges the City of Pittsburg is liable for its

"indifference or negligence, or by inaction in its supervision" that "has tacitly

authorized, as well as initiated a pattern and practice" resulting in the

constitutional violations alleged above.  (Dk. 1, ¶ 67).

**STATUTE OF LIMITATIONS**

       "The forum state's statute of limitations for personal injury

actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983."
*Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184,
1188 (10th Cir. 2006) (citations omitted).  For Kansas, we apply the
two-year statute of limitations in K.S.A. 60-513(a).  *Id.*   State law will
govern the length of the limitations period and any tolling issues, but "the
accrual date of a § 1983 cause of action is a question of federal law."
*Wallace v. Kato*, 549 U.S. 384, 388 (2007).   "A § 1983 action accrues when
facts that would support a cause of action are or should be apparent."  *Fogle
v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.) (internal quotation marks and
citation omitted), *cert. denied*, 549 U.S. 1059 (2006).   "'Claims arising out
of police actions toward a criminal suspect, such as arrest, interrogation, or
search and seizure, are presumed to have accrued when the actions actually
occur.'"  *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 558 (10th Cir.
1999) (quoting *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301
(10th Cir. 1991)).

          Most of what the plaintiff alleges as wrongful conduct in his
claims occurred on November 29, 2008.[4]  It follows that the plaintiff's claims
presumably accrued then, and this is more than two years before the
plaintiff filed this action on June 13, 2011.  The defendants also point to the

_____

          [4]The only exception appears to be the plaintiff's baseless allegation
that Officer Moore subsequently completed a DMV report which erroneously
reported the plaintiff to have failed the breath test.

9

plaintiff's check of the form allegation that:  "Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding."  (Dk. 1, p. 12).  Because the complaint asserts it does not relate back to any substantially equivalent complaint and because the complaint does not assert any tolling provisions, the defendants argue the plaintiff's claims on their face are barred by the two-year limitations period.

        While conceding the events occurred on or around November 29, 2008, the plaintiff points to the fact that he was not prosecuted "for the wrongful DUI charge caused by the actions of the defendants until January 2010." (Dk. 14, p. 21).  The plaintiff also argues:  "The PRO SE Plaintiff asserts that a delay in prosecution and a prior unsuccessful attempt to sue the defendants in federal court have caused the current legal action to not be filed until June 13, 2011." *Id.*  The plaintiff further offers that if given the opportunity to amend his complaint then he would allege he was disoriented at the time of the November events and that his memory improved over time and with his review of the police reports when the criminal prosecution began.

        The accrual of the plaintiff's claims is not tolled by the delay in the criminal prosecution, as none of his claims are based on a violation caused by or resulting from a legal process or prosecution or based on any

10

seizure other than his initial arrest.  *See Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1526 (2009); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).  The plaintiff's complaint does not plead any factual predicate for any tolling theory.  Based on the plaintiff's response referring to "a prior unsuccessful attempt to sue the defendants in federal court," it seems the plaintiff may be able to correct his pleading deficiency as to allege a set of facts supporting the application of the Kansas Saving Statute, K.S.A. 60-518.  Consequently, the court would not dismiss on this ground without also granting the plaintiff leave to file an amended complaint to allege grounds for tolling the statute of limitations.  The balance of this order, however, concludes that dismissal on substantive grounds is proper and that leave to file an amended complaint would be futile.

**CLAIM ONE:  FAILURE TO GIVE *MIRANDA* WARNING**

The plaintiff's claim is that his Fifth Amendment right to remain silent was violated when Officer Moore asked him investigative questions at the accident scene before warning him of his *Miranda* rights.  Specifically, the plaintiff alleges:

> 45.  Defendant Moore asked investigative questions of the Plaintiff during the walk to his patrol car, in that the questions sought the innocence or guilt of a crime in which the Plaintiff was the sole suspect.  The Plaintiff was not free to leave during this time period of questioning.

11

(Dk. 1, p. 5).  The plaintiff further alleges he was "disoriented at the time of questioning and was unable to practice his right to remain silent."  (Dk. 1, ¶ 47, p. 6).

The Fifth Amendment, provides in relevant part that "[n]o person … shall be compelled in any criminal case to be a witness against himself."  U.S. Const., Amdt. 5.  "In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Court adopted a set of prophylactic measures to protect a suspect's Fifth Amendment right from the "inherently compelling pressures" of custodial interrogation."  *Maryland v. Shatzer*, 130 S.Ct. 1213, 1219 (2010).  Thus, the *Miranda* measures and all related judicial rulings are best understood as a "judicially prescribed prophylaxis" and not as "a constitutional mandate."  *Id.* at 1220 (citations omitted)*.*

By claiming a *Miranda* violation, the plaintiff has not necessarily alleged the violation of a constitutional right:

> Rules designed to safeguard a constitutional right, however, do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person. As we explained, we have allowed the Fifth Amendment privilege to be asserted by witnesses in noncriminal cases in order to safeguard the core constitutional right defined by the Self–Incrimination Clause—the right not to be compelled in any criminal case to be a witness against oneself. We have likewise established the Miranda exclusionary rule as a prophylactic measure to prevent violations of the right protected by the text of the Self–Incrimination Clause—the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning.

*Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (footnote omitted).  Based on

*Chavez* then, the plaintiff's "right against compelled self-incrimination

arguably has no application here because it is a trial right." *Eidson v.*

*Owens*, 515 F.3d 1139, 1149 (10th Cir. 2008) (citing *Chavez*, 538 U.S. at

767). "'[A] violation of the constitutional right against self-incrimination

occurs only if one has been compelled to be a witness against himself in a

criminal case.'" *Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1228 (D. Colo.

2007) (quoting *Chavez*, 538 U.S. at 770). An earlier Tenth Circuit decision

supports all of these same propositions:

> The Constitution and laws of the United States do not guarantee
> Bennett the right to *Miranda* warnings. They only guarantee him the
> right to be free from self-incrimination. The *Miranda* decision does not
> even suggest that police officers who fail to advise an arrested person
> of his rights are subject to civil liability; it requires, at most, only that
> any confession made in the absence of such advice of rights be
> excluded from evidence. No rational argument can be made in support
> of the notion that the failure to give *Miranda* warnings subjects a
> police officer to liability under the Civil Rights Act. *Hampton v.*
> *Gilmore*, 60 F.R.D. 71 (E.D.Mo. 1973), *aff'd* 486 F.2d 1407 (8th Cir.
> 1973).

*Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976); *see Mendia v. City*

*of Wellington*, 2010 WL 4513408 at *4 (D. Kan. 2010), *aff'd*, 2011 WL

3562922 (10th Cir. Aug. 15, 2011). Because the DUI charges against

Goings were dismissed following the preliminary hearing and because the

preliminary hearing transcript establishes that no incriminating statements

made by Goings before the *Miranda* warning were admitted against him at

the preliminary hearing, his Fifth Amendment claim fails as a matter of law.

*See Eidson*, 515 F.3d at 1149; *Strepka*, 494 F. Supp. 2d at 1228; *Howton v. Rule*, 2006 WL 2092462 at *1 (D. Kan. 2006).  The court finds that the plaintiff's allegations of a *Miranda* violation fail to state a claim for relief.

**CLAIM TWO:  WRONGFUL DUI ARREST**

The plaintiff's second claim is that his Fourth Amendment right was violated when Officer Moore arrested him for driving under the influence without sufficient evidence to support the arrest.  The defendants seek dismissal as the complaint alleges facts showing the officers had probable cause to arrest Goings for fleeing the scene of an accident, K.S.A. 8-1603 and obstruction or failure to obey a lawful police order, K.S.A. 8-1503.  The plaintiff concedes the state district court found probable cause for these misdemeanors, but he argues this does not justify his DUI arrest.

"The Fourth Amendment protects the right of individuals to be free from improper arrest and detention."  *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008).  "In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "'Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed.'"  *Buck*, 549 F.3d at 1281 (quoting *Henry v. United States*, 361

14

U.S. 98, 102 (1959)).  "'[W]hen an officer has probable cause to believe a person committed a minor crime in his presence, the balancing of private and public interests is not in doubt.  The arrest is constitutionally reasonable.'"  *Buck*, 549 U.S. at 1281 (quoting *Virginia v. Moore*, 128 S. Ct. 1598, 1604 (2008)).

As he has alleged in the complaint, the plaintiff admits that Officer Moore approached the accident and identified himself as a police officer and that in response the plaintiff "ran from his truck, resisting the efforts of Defendant Moore as he tried to stop him."  (Dk. 1, ¶¶ 6-7).  By these allegations, the plaintiff has effectively admitted that Officer Moore observed Goings fail to "remain at the scene of such accident until he . . . fulfilled the requirements of K.S.A. 8-1604 [provide certain information]."  See K.S.A. 8-1603.  Likewise, the complaint establishes that Going failed to comply with Officer Moore's order to "stop" in violation of K.S.A. 8-1503.  In short, the plaintiff's complaint establishes that Officer Moore observed Goings violate K.S.A. 8-1603 and K.S.A. 8-1503 and that Officer Moore had probable cause to arrest Goings for those offenses.  "'If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.'"  *Howards v. McLaughlin*, 634 F.3d 1131, 1143 (10th Cir. 2011) (quoting *Atwater v. Lago Vista*, 532 U.S. 318, 354

(2001)), *petition for cert. filed*, ---U.S.L.W.--- (U.S. Aug. 25, 2011) (No. 11-262).

As the complaint objectively sustains Officer Moore's probable cause to arrest Goings for not remaining at the scene of an accident and for failing to obey an officer's order, it is unnecessary for the court to consider whether Officer Moore had probable cause to arrest Goings for DUI.  *See Devenpeck v. Alford*, 543 U.S. at 153–55 (holding that, if an officer has probable cause to arrest a suspect for any crime, there is no Fourth Amendment violation even if the officer lacked probable cause with respect to the actual offense charged); *Marrs v. Boles*, 51 F. Supp. 2d 1127, 1135 (D. Kan. 1998) ("If probable cause exists as to one charged crime, whether the police had probable cause to arrest for other crimes is irrelevant."), *aff'd*, 176 F.3d 488 (10th Cir. 1999) (Table).  The plaintiff is misguided in arguing that because Officer Moore chose to arrest him based on the DUI offense, the probable cause for arrests under K.S.A. 8-1503 and K.S.A. 8-1603 does not bar his Fourth Amendment claim for unlawful arrest:

> Under the Fourth Amendment, "the constitutionality of an arrest does not depend on the arresting officer's state of mind." *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir. 2006).  The "'subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.'  An arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, so long as 'the circumstances, viewed objectively, justify' the arrest." *Id.*  (citations omitted) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

16

*Howards v. McLaughlin*, 634 F.3d at 1142.  Simply put, the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."  *Devenpeck*, 543 U.S. at 153.  "'All that matters is whether [the officer] possessed knowledge of evidence that would provide probable cause to arrest her on *some* ground.'" *Buck*, 549 F.3d at 1281 (quoting *Apodaca v. City of Albuquerque*, 443 F.3d at 1289).  Given that the plaintiff's complaint establishes Officer Moore's probable cause to arrest Goings for violating K.S.A. 8-1503 and K.S.A. 8-1603, the plaintiff is unable to state a Fourth Amendment claim for unlawful arrest.

## CLAIM THREE:  WRONGFUL ARREST BASED ON FAILURE TO SECURE WITNESS STATEMENT AND CONTACT INFORMATION

As alleged, the plaintiff claims he was "falsely arrested for a DUI based on eyewitness testimony" given by Nicholas Parker that was summarized in the officers' reports but that was not formally recorded with proper contact information so that it could be tested "in future legal proceedings."  (Dk. 1, ¶¶ 56-57).  The defendants contend the plaintiff is unable to make any constitutional claim, as there is no constitutional prohibition against an officer including a witness statement in a police report or against an officer testifying from his report at the preliminary hearing without a hearsay objection from the defendant.  Because Goings was never prosecuted on the DUI charges, the defendants assert the plaintiff's Sixth

17

Amendment right to confrontation was not violated.  The plaintiff offers no viable legal authority for a constitutional right to test the credibility of Parker at a preliminary hearing.

The plaintiff's effort to assert a Fourth Amendment claim for wrongful arrest is foreclosed by the same analysis and rules barring his second claim for relief.  Moreover, the complaint alleges facts and circumstances that would lead a prudent person with Officer Moore's knowledge to have probable cause to believe that Goings had been driving the truck when it wrecked.  When Officer Moore arrived at the scene, Goings appeared to be the only person connected to the wrecked truck, and Goings was holding onto the driver's side door.  As Officer Moore approached and announced himself, Goings ran from the accident scene and resisted the officer's efforts to stop him.  Officer Moore determined that Goings was the owner of the truck,[5] and he smelled alcohol on Goings.  Officer Moore also spoke with the witness, Parker, before arresting Goings.  The plaintiff does not allege, nor appears able to allege, any facts to show that Moore was so unreasonable or reckless in investigating the accident or in gathering reasonable trustworthy information such as to make the arrest and detention unlawful.  The plaintiff's complaint fails to allege any Fourth Amendment

---

[5]The full preliminary hearing transcript submitted with the defendant's motion includes Officer Moore's testimony in that regard, as well as, his testimony that Goings never advised the officer that there was anybody else in the truck.

right implicated by Moore not being more diligent in recording his investigatory efforts.  *Cf. Akins v. Epperly*, 588 F.3d 1178, 1184 (8th Cir. 2009); *Hernandez v. Terrones*, 397 Fed. Appx. 954, 965-68, 2010 WL 4116737 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2152 (2011); *Romero v. Fay*, 45 F.3d 1472, 1476-77 (10th Cir. 1995).

    The plaintiff's Sixth Amendment claim lacks both a factual and legal basis.  Presumably, the plaintiff is alleging the denial of a right of confrontation, but his complaint fails to allege that he was actually denied any such right at the preliminary hearing.  Parker did not testify at the hearing, and no sworn statement by him was introduced.  Indeed, the plaintiff does not even allege that Officer Moore testified to a particular hearsay statement made by Parker.  The transcript of the preliminary hearing shows the plaintiff cannot allege any failure to confront Parker based upon any statement supposedly made by Parker that was admitted at the hearing.  Defense counsel who represented Goings at the preliminary hearing inquired about Moore's conversation with Parker, but Officer Moore did not testify specifically to what Parker had told him and Officer Moore's reports summarizing Parker's statements were not admitted at the hearing. The plaintiff makes no claim concerning his counsel's inability to cross-examine Moore with regard to anything that might have been said by Parker. On these facts, the court fails to see how the plaintiff can assert any factual

basis for a constitutional violation.

Additionally, the plaintiff is unable to articulate any Sixth Amendment right to confront arising at his preliminary hearing.[6]  The Supreme Court "has repeatedly stated that the right to confrontation is basically a trial right." *Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010) (citations omitted) (holding that admission of hearsay evidence at a preliminary hearing did not violate the Sixth Amendment).  Other circuits have rejected a constitutional right to confront witnesses at a preliminary hearing.  *Fernandez v. Adams*, 2010 WL 5330483 at *15 (E.D.Cal. 2010) (citing *See United States v. Harris*, 458 F.2d 670, 678 (5th Cir.) ("There is no Sixth Amendment requirement that a defendant also be allowed to confront a witness at a preliminary hearing prior to trial."), *cert. denied*, 409 U.S. 888 (1972); *United States v. Andrus*, 775 F.2d 825, 836 (7th Cir. 1985); *see also Peterson v. California*, 604 F.3d at 1170 (discussed *Harris*, *Andrus*, and Supreme Court cases in holding "that the Confrontation Clause is primarily a trial right").  Because the plaintiff's prosecution ended before any trial, he is unable to assert any Sixth Amendment violation.  *See Rogala v. District of Columbia*, 161 F.3d 44, 55-56 (D.C. Cir. 1998) ("In the absence of a criminal trial, there was no defense to be prejudiced by the

---

[6]The plaintiff cites *Pointer v. Texas*, 380 U.S. 400 (1965), but this case discusses the Sixth Amendment right in the context of a trial, not a preliminary hearing.

unavailability of bystanders to testify or by the absence of . . . [a witness's] testimony. . . .  Plaintiffs therefore have failed to establish a deprivation of their Fifth or Sixth Amendment rights.").

**CLAIM FOUR:  IMPROPER POLICE PROCEDURES AND REVOCATION OF DRIVER'S LICENSE**

The plaintiff's fourth claim is that his Fourteenth Amendment rights were violated by Officers Moore and Sullivan engaging "in improper use of police procedures" resulting in injuries to his federal constitutional rights, including his wrongful arrest and the permanent revocation of his driver's license based on a report sent to the Department of Motor Vehicles that wrongly recorded Goings as having failed a breath test.   (Dk. 1, ¶ 59). To the extent this claim is seeking relief for "events leading up to and including an arrest of a citizen previously at liberty," the Fourth Amendment, not the Fourteenth Amendment, applies.  *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010); *see Fleetwood v. Werholtz*, 2011 WL 1527261, at *9 (D. Kan. 2011) ("the Fourteenth Amendment should be considered in situations in which neither the Fourth Amendment nor the Eighth Amendment are applicable.").  The plaintiff is unable to state a claim for a Fourth Amendment violation for the reasons already discussed above.

The plaintiff's complaint fails to allege how Officer Moore's report to the DMV violated any of his constitutional rights under the Fourteenth Amendment.  First, the preliminary hearing transcript attached to the

complaint and the actual DC-27 form completed and sent to the DMV confirms that Moore correctly completed the report by marking that Goings had refused the testing and by not marking that Goings had failed the testing.  The plaintiff's allegations to the contrary are implausible based on the transcript attached to his complaint and the authenticated copy of the report.  (Dk. 9-3, p. 10)  Moore's testimony and the DMV exhibit admitted at the preliminary hearing are not refuted by any plausible explanation or allegation.  Second, the plaintiff's complaint fails to allege what Fourteenth Amendment rights were implicated by Moore's completion of the report that could not be and were not protected by the state law proceedings that resulted in the revocation of his driver's license.  Dismissal of this claim is appropriate.

## CLAIMS FIVE AND SIX:  SUPERVISORY LIABILITY AND MUNICIPAL LIABILITY

The plaintiff's fifth claim for relief alleges that Officer Woods, as a supervisor of Officers Moore and Sullivan, did not properly supervise them in approving and clearing their reports prepared for this incident.  The plaintiff's sixth claim for relief alleges the City of Pittsburg is liable for its "indifference or negligence, or by inaction in its supervision" that "has tacitly authorized, as well as initiated a pattern and practice" resulting in the constitutional violations alleged above.  (Dk. 1, ¶ 67).  Both of these claims must be dismissed as the plaintiff is unable to allege any underlying

22

constitutional violation.  "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1223 (10th Cir. 2006) (quotation omitted).  Claims for failure to train or supervise also fail when there are no underlying constitutional violations. *McNally v. Colorado State Patrol*, 122 Fed. Appx. 899, 904 (10th Cir. 2004); *Archuleta v. Adams County Bd. of County Com'rs*, 2011 WL 3799029 (D. Colo. 2011) (citing and quoting *Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 132 (2d Cir. 1997) ("a claim of inadequate training and supervision under § 1983 cannot be made out against a supervisory body without a finding of a constitutional violation by the persons supervised")), *adopted*, 2011 WL 3809911 (D. Colo. Aug. 26, 2011).  Having failed to allege a constitutional violation against the defendants Moore, Sullivan and Woods, the plaintiff's claims five and six are dismissed.

**LEAVE TO FILE AN AMENDED COMPLAINT**

> In this circuit, courts are to follow this general rule:

> But ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice, see *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (brackets and internal quotation marks omitted)); and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint, *cf. Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (reversing dismissal with prejudice,

23

in part because of district court's failure to explain to pro se plaintiff
what is required by Fed.R.Civ.P. 8).

*Gee v. Pacheco*, 627 F.3d at 1186. "[T]he plaintiff whose factual allegations

are close to stating a claim but are missing some important element that

may not have occurred to him, should be allowed to amend his complaint."

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his response to the defendants' motion, the plaintiff

repeatedly asks the court for an opportunity to correct his pleading

deficiencies.  What the plaintiff offers in this regard is no more than his

thoughts that the officers should not have transformed the accident

investigation into a DUI investigation and that he should have some civil

remedy flowing from the state district court's ruling of no probable cause

after the preliminary hearing.  The DUI investigation resulted from the

plaintiff running from the accident scene and having the odor of alcohol on

him.  The state district court's probable cause finding on the DUI charge is

irrelevant, because the officer plainly had probable cause to arrest Goings

for not remaining at the scene of an accident and for not obeying the

officer's order.  The plaintiff is without any basis for alleging that Officer

Moore falsely reported any facts on the DMV report.  The court has

considered the likelihood of the plaintiff prevailing on the facts as alleged

and as presented in the preliminary hearing transcript.  The court can find

no reason to believe that the plaintiff will be able to offer sufficient

allegations to support a viable legal claim against these defendants on the facts and circumstances appearing from the parties' presentations. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir.2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). The court denies the plaintiff's request for an opportunity to amend his complain and dismisses the claims with prejudice.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (Dk. 8) on substantive grounds is granted, and the complaint is dismissed with prejudice.

Dated this 14th  day of September, 2011, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge